THE CITY OF CHICAGO, Plaintiff in Error, *v.* P. T. BURTICE *et al.,* Defendants in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

In a proceeding to collect an assessment under the charter of the city of Chicago, any defense is allowable which would show that the assessment ought not to be collected.

The honest judgment of the commissioners for assessment will not be disturbed. But when the assessment is proved to be so far from the real value, as to raise the presumption that the property was designedly over estimated, the court ought to set it aside; and for this reason, proof of the value of the property assessed is allowable.

The action of the common council in confirming an assessment, is not conclusive.

THIS was a special proceeding on the part of the city of Chicago, to collect an assessment for grading and macadamizing West Madison street, from Sangamon street, west, to the city limits.

The defendants resisted the proceeding on the grounds, that the assessment was not made in conformity to the charter; because the proceedings in the council were irregular; because the amount assessed exceeded three per cent. on the value of the property, and because the valuation made by the commissioners was excessive and fraudulent.

The court heard the testimony offered in support of these various defenses, and decided in favor of the defendants, to all of which, exceptions were taken, and the case is now brought to this court by writ of error.

E. ANTHONY, for Plaintiff in Error.

WALTER B. SCATES, for Defendants in Error.

CATON, C. J. We are asked to reconsider what was said in *Pease* v. *City of Chicago,* 21 Ill. R. 500, as to what defense may be made under this proceeding. We there expressed the opinion that any defense which would show that the assessment ought not to be collected, might be made. We have reconsidered the subject, and have bestowed upon it the best reflection of which we are capable. By the seventh section of the seventh chapter of the city charter, an appeal is allowed, from the assessment made by the commissioners, to the common council, who may set aside, correct or confirm the assessment, and if confirmed, it shall be final and conclusive on all parties interested. Notwithstanding this positive declaration, that the assessment, when thus confirmed, shall be conclusive, the section concludes with this provision: " If any assessment shall be set aside by order

of any court, the common council may order a new one to be made in like manner, for the same purposes, for the collection of the amount so assessed." This seems to contemplate that causes might still exist which would justify the courts to interfere and set aside the assessment, and if such cause could exist, we may well suppose that fraud in the assessment or confirmation, would constitute such cause. But the present inquiry is, what influence had the amendment of the charter, passed in 1857, upon this provision, rather than what was the meaning of the section in the old charter. That amendment introduced a radical change in the financial system of the city government, and, among others, in the mode of collecting taxes and assessments. Formerly, assessments were collected by a sale of the property assessed, without the intervention of the courts, but upon the warrant issued by authority of the common council alone, whose confirmation of the assessment had been thus made conclusive. Not so, however, after the amendment. The fortieth section of the amendment provides, that if the taxes or assessments charged in the collection warrant should not be paid on or before the first Tuesday in January, the collector should report the same to some court of general jurisdiction, to be held in the city, for judgment against the lands and lots, for the amount of the taxes, assessments, interests, and costs, respectively due thereon; and provides for publication of notice of the intended application. The forty-third section of the act declares, that "It shall be the duty of the court, upon calling the docket of the said term, if any defense be offered by any of the owners of said property, or any person having a claim or interest therein, to hear and determine the same, in a summary way, without pleadings; and if no defense be made, the said court shall pronounce judgment against the said several lots, lands, pieces or parcels of land as described in said collector's report; and shall thereupon direct the clerk to make out and issue an order for the sale of the same, which said order shall be in the form, as nearly as may be, of that prescribed in the twenty-ninth section of an act entitled, 'An act concerning the public revenue,' approved February 26, 1839, by the General Assembly of this State: *Provided,* that in all such cases where a defense is interposed, the trial of any issue or issues therein, shall have priority over all other cases in said court, and shall be disposed of with as little delay as possible, consistently with the demands of public justice, at said term. But should justice require, that for any cause, the suit as to one or more owners should be delayed for more than twenty days, judgment shall then be rendered as to the other owners and lands, and process shall issue for the sale thereof, the same as in all other cases."

City of Chicago *v.* Burtice et al.

Here is a new provision introduced into the revenue system of the city—a new jurisdiction is given to the courts, which before they had not possessed, and which necessarily changes so much of the old law as is inconsistent with it. And yet counsel strenuously contend, that the provision of the old law, which makes the confirmation of the assessment by the common council conclusive upon all parties, is still in force. In our apprehension, this provision is inconsistent with the provisions of the amendment. There is no specification or limitation in the amendment as to the defense which may be interposed. The law says, " if any defense be offered," it shall be heard by the court in a summary way, without pleading. And we must now repeat substantially what we formerly said, that if that defense shows that the assessment ought not to be collected, then it becomes the duty of the court to refuse the motion for judgment. When the statute has prescribed no limit, what warrant has the court to reject any defense which shows that the assessment is illegal, and ought not to be collected ? If the confirmation by the common council is conclusive upon all parties, then the court cannot inquire whether the commissioners valued the property at all, when they made the assessment. If the court cannot inquire whether the commissioners fraudulently valued the property above its real value, for the purpose of assessing it higher than the law allows, by the same rule, it would be concluded by the confirmation by the common council, from inquiring whether they had not actually assessed it to more than three per cent. on their own valuation. The conclusiveness of the confirmation of the common council would shut out one defense as well as the other. Indeed, according to the general principles of the law, the court should, first of all, listen to a defense of fraud, and it is nothing less than a legal fraud if the commissioners fix a valuation upon property above its real value, for the purpose of evading the provisions of the law, which forbids them to assess property more than three per cent. in any one year. It is true, that the court ought not willingly to ascribe to the commissioners such motives, but when an outrageous valuation is shown, where, without it, the amount desired could not be assessed within the three per cent., it would seem to leave the court at liberty to draw no other conclusion. While the court should be blind to the parties, it should scrutinize their acts with a vigilant eye, and accept such inferences and conclusions as legitimately flow from them. We hold, without hesitation, that this is a proper subject of inquiry, and when established, constitutes a good defense. As no mathematical rule can be applied to determine, with certainty, the value of real estate, and especially unimproved city property,

it must be expected that the judgments of men will differ, and if commissioners honestly estimate property too light or too low, the court will not disturb it, but when an assessment is made so wide of the true value, as established by witnesses, as to raise the presumption that it was over estimated from design, and especially when the court can see the motives prompting to such design, it will not and ought not to hesitate so to find. The court did not err in admitting proof of the value of the property.

Some of the other questions presented in this case we do not consider it necessary now to examine, and others are settled in other cases.

The judgment is affirmed.

*Judgment affirmed.*