| 48 | 293 |
| 122 | 304 |
| 48 | 293 |
| 151 | 681 |

## J. T. D. ELLIOTT

*v.*

## THE CITY OF CHICAGO.

SPECIAL ASSESSMENTS—*action of the commissioners in assessing special benefits—how far conclusive.* The judgment of the commissioners of the Board of Public Works of the city of Chicago, as to what property shall be included, and what shall be omitted, in the assessment of special benefits to be derived from a contemplated improvement, cannot be questioned except for fraud. It cannot be overthrown by the testimony of other persons, that property benefited by the proposed improvement, was not assessed.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

The opinion of the court contains a sufficient statement of the case.

Messrs. MONROE & McKINNON, for the appellant.

Mr. S. A. IRVIN, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an application by A. H. Heald, city collector of the city of Chicago, to the Superior Court, for judgment against certain lots in that city, assessed for certain improvements on Michigan avenue.

The appellant, Elliott, appeared, and made objections to the entry of any judgment against the property assessed in his name, on the grounds—1st, That no notice, as required by law, was given of the application for judgment. 2d. The commissioners willfully and fraudulently failed and refused to assess real estate, knowing the same to be specially benefited by the proposed improvement. 3d. Because all the material requirements of the city charter, as to the passing of the ordinance for (the improvement) and as to the acts of the commissioners of the Board of Public Works, and of the Common Council and officers of the city, have not been complied with. 4th. No notice, as required by law, was given of the meeting of the commissioners for the purpose of making the assessment; and 5th, no notice, as required by law, was given of the filing of the assessment roll with the city clerk, or the commissioners' intended confirmation thereof.

These objections were overruled, and judgment entered for the amount assessed, with one per cent. per month since September 6th, 1867, and costs, and an order entered that sufficient of the property assessed be sold to satisfy the judgment.

To reverse this judgment, Elliott appeals to this court.

In support of the second objection, appellant called several witnesses, who all concurred in testifying that other property on Michigan avenue, not assessed, was benefited by this proposed improvement, as thereby the value of the property was enhanced.

Had these witnesses occupied the position of the Board of Public Works, they, doubtless, acting on their own judgments

and official oaths, might have assessed the property not included in the assessment by the commissioners. The commissioners were acting under oath, and were to be controlled by the judgment of none others but their own, and on their oaths have made their return that the lots assessed were specially benefited by the proposed improvement, and their judgment must stand, unless impeached for fraud, not the slightest proof of which is exhibited in this case. As matter of necessity, their judgments must control, else there could be no such improvements. If a board of public works, selected, as must be supposed, for their good judgment, integrity and general capacity, should, under their official oaths, declare by their report that certain property is specially benefited by a proposed improvement, can it be that their judgment shall be overthrown by the testimony of others no more intelligent, and no more honest than they? The judgment of men greatly differ in almost every case demanding its exercise, and in cases like this, it must be shown it was unfairly or fraudulently exercised, to authorize a court to nullify it. Their judgment must be conclusive in the absence of all fraud. *City of Chicago* v. *Burtice*, 24 Ill. 489.

The other objections have no foundation. All the material requirements of the law have been substantially complied with, and all the proceedings, from their inception to the final judgment, have been regular, and in accordance with the charter.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*