## SPENCER & GARDNER

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. TAXATION—*excessive valuation and omission to assess some property no ground for defeating application for judgment.* On application for judgment against lands for delinquent taxes, it is no defense that the property was valued too high, when it was not fraudulently done; nor will the fact that some property, in the same jurisdiction, was omitted from the assessment, be ground for defeating the judgment.

2. SAME—*court has no power to revise assessment.* The courts have no power to revise the assessment of property made by the assessor, or to change or set aside any valuation of property made by him, when his judgment has been honestly exercised, and the assessment is made upon a right basis.

3. SAME—*constitutional provision relating to, construed.* The constitutional provision relating to the uniformity of taxes, has respect to the laws which may be passed for the imposition of taxes, and not to the particular working of the laws.

APPEAL from the Circuit Court of Will county.

This was an application by the collector of Will county, to the county court of that county, for judgment against certain lands for taxes due thereon, for the year 1871, and costs. The case was taken by appeal to the circuit court.

The land-owners filed the following objections to the rendition of judgment: *First,* that the assessment was not in compliance with the constitution, which provides that taxes must be so levied as to be uniform, and in proportion to the value of the property upon which they operate; *second,* that the property was not assessed at its true value, being assessed several times higher than property of equal value adjoining the same.

The defendants below offered to prove the truth of their objections, which the court refused to allow, on the ground that the defendants had waived the objections by not making them before the proper boards of review, and rendered judgment against the lands and lots for the taxes assessed thereon, and the defendants appealed.

Messrs. VALLETTE & GARDNER, for the appellants.

Mr. JAMES K. EDSALL, Attorney General, and Mr. E. C. HAGAR, State's Attorney, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The question presented by this record is, whether, upon an application for judgment against real estate for delinquent taxes, the objection may be made, that there was too high a valuation placed upon the land by the assessor, in making the assessment.

The constitution provides, that the General Assembly shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property— such value to be ascertained by some person or persons, to be

elected or appointed in such manner as the General Assembly shall direct, and not otherwise.

The provision of the constitution has respect to the laws which should be passed by the legislature for the imposition of taxes, and not to the practical working of the laws. The framers of the constitution could not have contemplated any such consequence as that a tax levy should be void, in case an assessor should happen to omit to assess any taxable property, or should make an incorrect valuation of any property, whereby would be produced the result that every person would not actually pay a tax in proportion to the value of his property. There is no objection made that the revenue law is not framed in accordance with the constitutional principle.

The assessor is the officer who has been provided by the legislature for fixing the valuation of property for the purpose of taxation.

No appeal to any court is provided from the assessor's judgment in fixing the value of property for taxation, nor has any express authority been conferred upon a court to revise such valuation, or to correct an assessment, or order a new one, or to make a rebate of any tax.

And we are of opinion that the power does not belong to any court to revise the assessment made by an assessor, and change or set aside any valuation of property made by him, where his judgment has been honestly exercised, and upon a right basis. To do so, would seem to be to arrogate the power of ascertaining the value of property for taxation, which ascertainment of value, the constitution declares, shall be by some person or persons designated by the General Assembly, and not otherwise.

The legislature has provided a special board for the review of assessments in the matter of valuation, as follows:

The assessor, town clerk and supervisor shall attend at the time and place specified in the notice (before directed to be given), and on the application of any person conceiving himself aggrieved, they shall review the assessment; and when

the person so objecting thereto shall make an affidavit that the value of his personal estate does not exceed a certain sum specified in such affidavit, the assessor shall reduce the assessment to the sum specified in such affidavit; and if he, or any other one, objects to the valuation put upon any of their real estate, the board shall hear the objections, and may reduce the same if a majority of the board think it advisable, and in such case the assessor shall correct his list. Laws ·1861, p. 242. This was the law in force at the time this assessment was made, and the appellant should have applied to that board for the correction of any over valuation of his property.

An omission to assess some other persons, liable to taxation, or to assess a portion of the taxable property of others, would be an objection of a like character with the one here made, as the effect would be the same, though it might be less in degree, as that of an over-valuation, to-wit : to cause the complaining tax-payer to bear an undue proportion of the burthen of taxation.

Yet it has been held that such an omission would not affect the validity of a tax. *Merritt et al. v. Farris et al.* 22 Ill. 303 ; *Dunham et al.* v. *City of Chicago*, 55 Ill. 357.

In the case of *The Albany and West Stockbridge R. R. Co.* v. *Town of Canaan,* 16 Barb. 244, it was held that the action of assessors, so long as they confine themselves within the statute rule, is conclusive, however grossly they may err in estimating the amount, and that the tax based upon the assessment is like a judicial sentence, and can be assailed only for fraud or want of jurisdiction. So it was held, in *Weaver* v. *Devendorff,* 3 Denio, 117, that in fixing the value of taxable property by an assessor, the power exercised is, in its nature, purely judicial. In *City of Chicago* v. *Burtice et al.* 24 Ill. 489, it was said that the court would inquire whether the commissioners for assessment fraudulently valued the property above its true value, but that if they honestly estimated property too high or too low, the court would not dis-

turb the assessment; and see, to the like effect, *Elliott* v. *City of Chicago*, 48 Ill. 293, and *Jenks et al.* v. *City of Chicago*, id. 296. The case of *Creote et al.* v. *The City of Chicago*, 56 Ill. 423, which is relied on by appellant's counsel, we do not regard as materially variant from the view here expressed. It was only held there, that the defense of fraud in the making of the assessment might be made, as, also, that the assessment was made on a wrong basis, in violation of the statute and the constitution.

In the present case there was no suggestion of fraud, or that the assessment was made on a wrong basis. The defense against the entry of judgment, as offered, we must regard as simply one of an excess of valuation, made in the honest exercise of the judgment of the assessor, and we are of opinion it was rightly excluded by the court.

The judgment is affirmed.

*Judgment affirmed.*