90  569
135  478

SETH GAGE *et al.*

*v.*

MICHAEL EVANS, Collector.

1. INJUNCTION—*of taxes, when fraudulently assessed too high.* A court of equity will entertain a bill to enjoin the collection of a tax where property has been fraudulently assessed at too high a value or rate, but not for a mere excessive valuation and irregularity in making the assessment, when not fraudulently done.

2. Where the assessor called at the place of business of a property holder for a list and valuation of his personal property when he was absent, and a brother of the party, who had been a former partner, made out and delivered to the assessor a schedule of the property, fixing its value at $80,000, when, in fact, it was not worth over $30,000, which was taken and adopted by the

assessor without any sinister motives, it was *held,* that equity could not enjoin the collection of the taxes on such assessment, although the conduct of the assessor was irregular in not leaving a notice for a schedule with the owner.

3. APPELLATE COURT—*certificate as to facts construed.* Where the Appellate Court, in a case appealed to this court, in their certificate stated, "as to our finding of facts, we hereby certify that we find the facts as charged in the bill, but that said facts do not entitle the complainant to equitable relief," it was held to mean the facts strictly, and not the conclusion of law claimed from the facts.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and the Hon. GEORGE W. PLEASANTS and Hon. J. M. BAILEY, Justices:

Mr. E. G. ASAY, and Mr. W. L. HIRST, for the appellants.

Mr. JOSEPH F. BONFIELD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a final order of the Appellate Court for the First District reversing the decree of the Superior Court of Cook county, and dismissing the bill which had been filed in the latter court, by appellants, praying an injunction to restrain the collection of a portion of the personal property taxes for the year 1875, assessed against appellants as partners, under the firm name of Gage Bros. & Co.

The only ground of relief which there can be claimed under the bill, is that of a fraudulent assessment of the property taxed, at too high a rate. The only question of doubt arising, that we can see, is upon the effect to be given to the certificate of the Appellate Court as to its finding of facts. The order of the court is as follows:

"*Ordered,* that the whole record in said cause be certified to the said Supreme Court, as being necessary to clearly and fully present the question upon which the decision of said Supreme Court is sought, and, as to our finding of facts, we hereby certify that we find the facts as charged in the complainant's bill, but that said facts do not entitle said complainant to equitable relief."

As there is an allegation in the bill that the assessor fraudulently assessed the property at the value he did, it is contended by appellants that, according to the language of the certificate, the Appellate Court found the assessment to be fraudulent. If that were so, and it was to be taken as a fact in the case that the assessment was fraudulent, it would follow that it was error to order a dismissal of the bill, as this court has repeatedly declared that a court of equity will entertain a bill to enjoin the collection of a tax where property has been fraudulently assessed at too high a rate. *City of Chicago* v. *Burtice et al.* 24 Ill. 489; *Porter et al.* v. *Rockford, Rock Island and St. Louis R. R. Co.* 76 id. 561; *Pacific Hotel Co.* v. *Lieb et al.* 83 id. 602, and other cases.

But we can not give to the language as to the finding of facts the effect claimed. The words are, "that we find the facts as charged in the complainant's bill,"—that is, as we understand, the facts strictly, and not the conclusion of law claimed from the facts, as is fraud. The language of the whole order is to be taken together, which manifests that the court did not find the assessment was fraudulent, as in that case it would not be necessary to certify the whole record as being necessary to present the question, but only the bill itself. If all the allegations of the bill were admitted to be true, then the question would have been only upon the sufficiency of the bill—whether, on its face, it showed title to relief.

Not being concluded, then, by the certificate of the finding of facts, that the assessment was fraudulent, and looking into the record to determine that question, we find that it fails wholly to show any case of fraudulent assessment, but one only, of an excessive valuation of property and irregularity in the making of the assessment.

The bill, itself, shows no more than that. The property in question was a stock of millinery goods. The bill alleges that it was of the value of $30,000 only; that the assessor called at appellants' place of business during their temporary

absence, and made some inquiry of one John N. Gage, who happened to be there, as to the amount and value of the stock, and thereupon the assessor, without requiring any list or schedule from appellants, "wrongfully, arbitrarily, fraudulently, and without any notice to, or consent or knowledge of," the appellants, assessed the value of the stock at $80,000, instead of $30,000, the full cash value; that said John N. Gage had no right or authority in the matter, had no knowledge in regard to the value of the property, and, as appellants are advised and believe, told the assessor he was not interested in the goods and had no knowledge of their value; that appellants had no notice of this calling of the assessor, or of the occurrence with John N. Gage, until in December, 1875; that the assessor never called on appellants, or requested them to list or furnish a schedule of their personal property, or left for them any notice to do so. This comprises the substance of the charge in respect to the assessment of the property.

The facts stated do not make a case of fraudulent assessment of property at too high a rate. Looking at the testimony on the part of appellants, it goes in disproof of any fraud in making the assessment. It shows that John N. Gage was a brother of one of the appellants; that he had been a former partner in the firm; that he made appellants' place of business his headquarters, and that he made out and delivered to the assessor a schedule of the property, fixing upon it the valuation of $80,000.

The valuation made by the assessor was, no doubt, an excessive one, but there is nothing showing that it was so made knowingly, or for any sinister purpose, or from any thing more than misinformation or error of judgment.

True, it was said in *Pacific Hotel Co.* v. *Lieb et al. supra,* that the valuation may be so grossly out of the way as to show that the assessor could not have been honest in his valuation; and to like effect is *City of Chicago* v. *Burtice et al. supra.* But the mere discrepancy, alone, which exists here between the assessed and the actual value, is not to be taken as making

the assessment fraudulent, and especially not under the circumstances of the making of the assessment which are here disclosed.

On the ground only of a valuation being excessive, equity will not interfere to restrain the collection of a tax, as this court has often held, but the property must have been fraudulently assessed at too high a rate. *Spencer et al.* v. *The People*, 68 Ill. 510; *Adsit* v. *Lieb et al.* 76 id. 198, and cases cited above and other cases.

The circumstances alleged against the assessment, of the assessor not calling on appellants or leaving notice for a list or schedule of their property, etc., show irregularity of conduct and want of compliance with his duties on the part of the assessor; but such irregularities in the assessment afford no ground for an injunction to restrain the collection of the tax. *DuPage County* v. *Jenks et al.* 65 Ill. 275, *State Railroad Tax Cases*, 92 U. S. 575, and cases *supra*, and *Chicago, Burlington and Quincy Railroad Co.* v. *Cole*, 75 Ill. 591, declaring, as the general rule, that a court of equity will not sustain a bill to restrain the collection of a tax excepting in cases where the tax is unauthorized by law, or where it is assessed upon property not subject to taxation, or where the property has been fraudulently assessed at too high a rate.

Finding no error, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*