WARD CLEMENT

v.

THE PEOPLE ex rel. Kochersperger, County Treasurer.

*Opinion filed December 21, 1898.*

TAXES—*fraud in assessment can only be established by proof of facts.*
A fraudulent assessment of property at too high a rate cannot be
established, as a defense to an application for sale, by the testi-
mony of witnesses that the assessment would have been less had
they been willing to bribe the assessor, and that they *understood*
similar property was assessed at ten per cent of its value, whereas
the particular assessment was double that amount.

APPEAL from the County Court of Cook county; the
Hon. R. W. S. WHEATLEY, Judge, presiding.

EDGAR B. TOLMAN, and HARVEY M. HARPER, for ap-
pellant.

FRANK L. SHEPARD, and CHARLES J. JONES, (ROBERT.
S. ILES, County Attorney, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was an application, made at the July term, 1898,
of the court below, of the county treasurer for judgment
for delinquent general taxes assessed for the year 1897
against certain real estate owned by appellant in South
Chicago. Appellant appeared and filed objections to the
rendition of judgment, alleging, among other objections
not here urged, that his property was fraudulently as-
sessed too high, and that his assessment was unjust, not
being uniform with that levied upon similar property in
the county. The court overruled the objections upon the
hearing and ordered sale of the premises, from which
judgment appellant prosecutes this appeal.

The charge of injustice and lack of uniformity with
other assessments in the county need not be further no-
ticed than to say section 86 of the Revenue law affords a

party so aggrieved the only remedy for the correction of an unjust or excessive valuation of his property for the purposes of taxation, unless it is shown to have been fraudulently made. We have repeatedly held that the courts have no power to revise an assessment merely because of a difference of opinion as to the reasonableness of the valuation placed upon the property.

On an application for judgment against lands for delinquent taxes it may be objected that the tax is not authorized by law, or is assessed upon property not subject to taxation, or that the property has been fraudulently assessed at too high a rate. (*Keokuk Bridge Co.* v. *People,* 161 Ill. 132, and cases there cited.) The complaint made of the assessment here does not fall within either of the first two grounds, but the effort is to bring the case within the third. The only evidence of fraud appearing in the record is the testimony of one Wallace DeWolf, an agent for the trustee of appellant, who says, in substance, the assessment upon the property in question would not have been so high if he (the witness) had been willing to bribe the assessor, and that he *understood* that the assessor assessed similar property at ten per cent of its fair cash value, and upon that basis this property should not have been assessed at more than $6000 instead of $12,000, to which sum the assessment had been reduced by the county board from the assessor's return of $13,200. One other witness testified to the same effect. The county court held this evidence insufficient to sustain the charge of fraud on the part of the assessor. In this there was no error. The witnesses testified to no facts sufficient to establish fraud, but stated rather their own inferences or conclusions.

The judgment and order of sale by the county court will be affirmed.                    *Judgment affirmed.*