|        |     |
| ------ | --- |
| 22     | 303 |
| 134    | 272 |
| 135    | 478 |

## STEPHEN MERRITT *et al.*, Appellants, *v.* JOHN G. FARRIS *et al.*, Appellees.

### APPEAL FROM MARSHALL.

Where a notice of an election for a school district specifies several purposes, in such a way as that no doubt is left as to its meaning, it will be sufficient, although there may be an omission in it of a copulative conjunction.

The directors of a school district may levy and collect a tax to erect a school house, the cost of which is not to exceed one thousand dollars, without a vote of the inhabitants; and may also levy and collect a tax to keep a school six months in each year, in addition to the amount provided by the State and township fund.

There is not any limitation upon the rate of taxation for school purposes..

Where it appears that a site for a school house has been chosen, it will not be invalidated because the clerk has made irregularities or omissions, in describing the site selected.

The omission to tax some property in the district, will not vitiate the tax.

Equity will not restrain the collection levied by officers *de jure* or *de facto*, because of irregularities in their levy or collection.

THIS was a bill in chancery, filed by Stephen Merritt, James P. King, Samuel Rickey, John Dunlap, Jr., William S. Honeywell, William Murray, John Batts, M. Shackleford, and H.

Beaumont, complainants, in the Marshall Circuit Court, at the January term, A. D. 1859, to enjoin the collection of a school tax levied by the directors of school district No. 10, in Township 13 N., Range 9 East, in that county. The injunction was granted, and at the same term the respondents filed their answer and affidavits in its support, and moved the court to dissolve the injunction, which was done, and the bill dismissed. The plaintiffs in error, who were the complainants below, appealed to this court.

The bill alleges that the complainants are residents and tax payers of Marshall county, Ill., and that they are all, except Stephen Merritt and Samuel Rickey, residents of school district No. 10, in Township 13 North, Range 9 East, in said county; and that said Rickey is the owner of real estate in said district, and Merritt is the owner of both real and personal estate in said district, all of which is subject to legal taxation.

The district is composed of section 31, the south half of section 30, the west half of section 32, and the south-west quarter of section 29, according to a plat filed as follows:

That John G. Farris, Harmon Andrews, and Warner Combs pretended to act as school directors of said district, up to October last, and that Harmon Andrews, Warner Combs and Daniel Diel now pretend to act as directors of said district, as successors of the first named directors.

That Farris, Andrews, and Combs, while pretending to act as school directors of said district, and assuming so to act, attempted to authorize and cause to be levied an enormous and burthensome tax on the property of said district, and by such

attempt have wrongfully induced Washington E. Cook, the county clerk of said county, to assess and compute said taxes upon the valued property of said district, which is very grevious to the property holders of the district and particularly to complainants.

That the first named directors made and signed a certificate on the 8th June, 1858, and returned it to the clerk of the county, by which they authorized and required, and certified that they had estimated to be levied a tax of *one per cent.* for extending schools beyond six months, and *six* per cent. for ordinary school purposes, making *seven* per cent. upon the property of the district.

The certificate is attached, and is as follows :

" We, the undersigned, directors of district No. 10, Township No. 13, Range No. 9, in the county of Marshall, and State of Illinois, do hereby certify that said board have estimated and required to be levied, for the year 1858, the rate of six for general school purposes, and the rate of one     for paying teachers and extending term of schools on each one hundred dollars valuation of taxable property in said district."

That the clerk, in compliance with said certificate, assessed and levied seven per cent. school tax (on the $100) on the property of complainants, as follows:

|  | Valuation. | Tax. |
|---|---|---|
| Stephen Merritt, ne 31 and se 30 | $2,240 | $156.80 |
| Sam'l. Rickey, nw 31 | 1,280 | 89.60 |
| W. S. Honeywell, sh sw 31 | 600 | 42.00 |
| Jas. P. King, nh sw 31 | 600 | 42.00 |
| John Dunlap, jr., nh se 31 | 455 | 31.85 |
| John Batts, sh se 31 | 585 | 30.90 |

Personal Property :

|  | | |
|---|---|---|
| S. Merritt | 494 | 34.58 |
| M. Shackleford | 357 | 24.99 |
| Jas. P. King | 241 | 16.87 |
| W. S. Honeywell | 194 | 13.50 |
| Wm. Murray | 162 | 11.34 |
| John Batts | 209 | 14.53 |
| John Dunlap, jr. | 189 | 12.23 |
| H. Beaumont | 75 | 6.25 |

Which tax was wrongfully made by said clerk, and is now in the hands of William Reeves, the tax collector of the township, with a warrant attached thereto for collection, and the collector is demanding payment and threatening to collect the tax by a levy and sale of the property of complainants.

That there are several persons, residents of the district, who

own and have owned for a year past a large amount of personal property, upon which no tax is levied for school purposes.

|                |    |    |    |    |   |   |       |
|----------------|----|----|----|----|---|---|-------|
| That Mary Grief has property valued at | | | | - | | | $250 |
| Levi Tonquary, | "  | "  | "  | "  | - | - | 100 |
| David Gill,    | "  | "  | "  | "  | - |   | 900 |
| Geo. Cook,     | "  | "  | "  | "  | - | - | 300 |
|                |    |    |    |    |   |   | $1,550 |

Upon which the tax at above rates would amount to $108.50.

That said taxes as levied amounted to $981.82, and if the personal property omitted had been taxed, would have amounted to $1,090.32.

That no election has ever been held in the district to fix upon a site for a school house, or for building or buying a school house, and no election for any purpose had been had, except for directors; nor has any notice of any election for any purpose (except for electing directors) been posted up or given; no school house site has been purchased or obtained.

That the number of scholars in the district is very small, and it would not cost over $200 to procure good teachers for six months, and pay all expenses, and that a suitable school house, large enough to accommodate all the scholars of the district, could be built for $400 at furthest.

That the law does not permit a tax of over three per cent. to be levied.

That the house in which the school is kept is not central; that it was not located or erected by the people; that it is claimed by one John G. Farris, and is not the property of the district. That Farris never had a good title to the land on which it is built; that he has deeded it in trust to D. G. Warner, and the land is now liable to be sold.

That said directors had no power, right or authority to levy the tax, or authorize it to be levied, and that in doing so they exceeded their powers, both in the amount levied and in the right to levy the same, and that the clerk had no power to assess said tax, nor has the collector authority to collect it.

The oath of defendants is waived, and an injunction prayed against the collector and all the defendants, to restrain the collection of the tax.

The answer of the defendants admits that complainants are all residents and tax payers of Marshal county, and are all residents of the school district except Merritt and Rickey, who own real estate in the district, but Merritt has no personal property in the district, to the knowledge of respondents.

That said school district is properly described in the bill.

Admits that the persons named in the bill acted as directors, as set forth, and insists they were and are directors in fact. Admits that Farris, Andrews and Combs, as directors, did cause the tax to be levied, as set forth in the bill, except the tax was not levied to extend the school beyond six months in the year, and excepting further that the directors returned with the certificate a list of the resident tax payers of the district. That in pursuance of the certificate, the directors assessed and levied the tax as set forth.

They admit that Rowe is collector of taxes for the township, and that he has in his hands a collector's warrant from the clerk, to collect the tax except as hereinafter set forth.

Admit that Mary Grief, Tonquary, Gill and Cook, are not assessed as charged in the bill, but aver that Grief and Tonquary were returned in the said list of resident tax payers of said district to the clerk, and were not taxed, because they were not assessed or returned as tax payers by the assessor of the town for the previous year, and that said Gill never was taxed because he could not be found by the assessor, and has never lived in the district.

Allege there was a vote of the people of the district, on the 6th of April, 1857, to decide upon a site for a school house, and for building a school house, and it was voted that the directors should proceed to build a school house upon said site, of brick, twenty-one by thirty feet.

They assert that due notice of the meeting was given by posting up a notice in the district, on the 23rd of March, 1857, calling for an election of directors, and for selecting a school house site.

That at the meeting John G. Farris offered to give one-half acre of ground for a school house site, which was accepted ; and that he had since deeded the land, by a good warrantee deed, to the district.

Allege that the district contains forty-seven children under twenty-one years of age.

Admit that $200 would employ competent teachers for all the schools in the district for six months, and pay all expenses.

Deny that a suitable school house could be built for $400, and allege that they have built a school house on the site selected by the voters, of dimensions required, which cost $761.60. That the directors, Farris, Andrews and Combs, built the school house in the cheapest and most economical manner.

Admit the tax is over three per cent., but assert they had a right to levy a greater tax.

Allege the school house is in as central a situation as it can be placed, unless it is put in the centre of a section where there

are no roads.    That the school house is not over three-fourths of a mile from any house in the district.

Allege that the school house is the property of the district, and is not claimed by Farris.    Admit that Farris did make a deed of trust for the land, and allege that said trustee has released all claim to the half acre upon which the house is situated.

Allege that the school house was built in pursuance of the vote ; that it cost over $700, and was completed and ready for school about the first of November, 1857, and the directors have caused a suitable school to be kept therein six months in each year ever since.

That said Andrews, Combs and Farris, as directors, in the spring and summer of 1857, in good faith, caused a tax to be levied on the property of the district, of $500, which tax they supposed would be sufficient to make the first payment to the builder of the house for 1857.

That the tax so levied would have made the payment intended. That the collector of the town, for 1857, proceeded under a proper warrant to collect said tax, and did collect $317.00 thereof, when certain of the tax payers of the district, among whom were Merritt, Rickey and King, obtained from the Circuit Court an injunction restraining the collection of said tax, which injunction was made perpetual by the court.

That after they were so enjoined, and in 1858, they proceeded to levy another tax upon the taxable property of the district to pay for building said school house, and keeping up the school six months in the year, (which is the tax complained of in this case.)

The tax was six per cent. for building the school house, and one per cent. for schools.    That the persons who paid the tax assessed in 1857, were to be repaid out of the tax assessed in 1858.    That the collector, Wm. Rowe, was authorized by the directors to receive in payment of the taxes of 1858, the receipts or certificates given for the taxes of 1857, of the persons who had paid the taxes of 1857.    Which receipts amounted to $317.28, which, if deducted from the tax of 1858, of $981.82, would leave a balance of $664.54 only.

That neither Merritt, Rickey or King ever paid anything on the subscription for supporting the school in 1857 ; that Merritt sent one of his children to the school ; that Rickey had a tenant who sent two children, and paid no tax or subscription ; and that King had no children.

That in the school now kept there are children of the tenants of Merritt and Rickey, and the children of Murray and Honeywell are going to the school, and Batts is sending one scholar.

That at the time of the meeting of the voters to build a school house, Honeywell did not live in the district; that at said meeting Merritt was a voter and one of the judges of election, and a candidate for school director; that King and Murray were not at the election, and Dunlap and Murray did not then live in the district.

That Murray owns no real estate in the district, and is not a permanent resident, and expects to leave on the first of March.

The election notice is set forth. It is dated March 23, 1857, and says the election is for the purpose " of electing three directors for selecting a school house site, and for a school house site for said district," and is signed, " Timothy Atwood, T. T."

The election was held April 6th, 1857. It was voted to accept half an acre of ground for a school house site, and that the directors be instructed to build a house, thirty by twenty-one feet, of brick. Warner Combs, Harmon Andrews, and John G. Farris were elected school directors.

Proof was taken to show that the notices were posted up as set forth in the answer.

The court dissolved the injunction and dismissed the bill; whereupon the complainants appealed to the Supreme Court.

Complainants now allege, that in the record and proceedings aforesaid, and in the rendition of the judgment aforesaid, manifest error hath intervened to their prejudice in this :

1st. The court erred in dissolving the injunction and dismissing the bill.

2nd. The Court erred in not making said injunction perpetual.

For which errors the said complainants pray that said judgment may be reversed, annulled, set aside, and for nought held.

G. L. FORT, and H. M. WEED, for Appellants.

W. H. L. WALLACE, for Appellees.

WALKER, J. The complainants by their bill, seek to enjoin the collection of a district school tax, because of alleged irregularities in its levy. The first objection urged is, that the notice calling the election, is not sufficiently specific, as to the purposes of the election. It specifies the objects to be, for the purpose " of electing three directors, for selecting a school house site, for a school house for said district." The notice clearly specifies the first object to be the election of three directors, and another object clearly indicated by the last clause, was for the selection of a site by the voters, upon which to erect a school house. It is true that the person drafting the notice, omitted the copulative conjunction " and," after the word " directors "

and before the words " for selecting," but we cannot see that there is any doubt in its meaning, and it would have been no plainer if the omission had not occurred.

It is also insisted, that directors have no power to levy a tax for the erection of a school house, when the cost shall not exceed one thousand dollars, but the tax for such purpose must be voted by the district, without reference to its cost. The construction given by this court, in the case of *Munson* v. *Minor*, to the school law, was that the directors have the power to levy and collect a tax for the erection of a district school house, when its cost does not exceed one thousand dollars, without the sanction of the voters of the district, and that they have a like power and that it is imposed as a duty, that they should estimate the amount required over and above the State and township fund, to keep in successful operation the schools of their districts, for six months in each year, and to levy and have collected, a tax sufficient to raise such amount. In this case, the tax was levied to build a district school house which cost less than eight hundred dollars, and to continue the schools of the district after the State and township fund was exhausted, for the period of not more than six months in the year, and they were warranted in this by the law. The certificate returned to the clerk specifies these purposes, and is in strict compliance with the statute and even in the form, given by the 44th section of the act. While the per cent. levied is large, we are, after a careful examination of the law, unable to find any limitation upon the rate of taxation for school purposes. In cases where the power is given to the directors to make the levy, there is no limit but the amount required for the purpose for which it is levied, and the same is true where the power is conferred upon the voters of the district.

It was likewise insisted, that the site for the school house, was not selected by the voters of the district. The answer and evidence shows that a site was chosen by a majority of the voters, but the clerk of the election did not describe it by metes and bounds, but only by general reference. The answer and affidavits also show, that the site thus selected has been conveyed to the district, by the person who owned it at the time it was selected. This being the case, no objection is perceived to the levy of the tax for the reason urged. It is not believed that it is material to the validity of the selection, that the clerk of the election should describe the place chosen with precision, in entering upon his records the fact that the voters made choice of a site. His record in no way alters or controls the fact of the site having been selected. It is a fact, that he has no power to alter or control. And when the selection has been made and the district has obtained the title to the property chosen, the

object of the law has been attained, and trifling and unimportant matters of form, should not be permitted to defeat the purposes of the law.

It was also insisted that a portion of the persons in the district liable to taxation, as well as a portion of the taxable property situated in the district, were not assessed, and that the tax was thereby rendered void, as being in violation of the 5th section of the 9th art. of the State constitution. That provision is this, " The corporate authorities of counties, townships, school districts, cities, towns, and villages, may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same." It is first urged, that this levy is not warranted by the constitution, because it is not uniform as to persons and property, within the jurisdiction of the corporate body imposing the tax. The constitution, in its application to the various departments of the government and to individual rights, must receive such a construction as to give it a practical operation. It must be so applied as to promote and effect the objects of its adoption, and not to defeat the end for which it was established. Equality is provided for, both as to persons and property, in the levy and collection of all taxes by the constitution, whether for State or other purposes. And to hold that the omission to assess an individual, or to assess property, liable to taxation under the revenue laws, will render the whole tax levied under that assessment, to the extent of the revenue of which it forms a part, to be void, instead of accomplishing the object of the constitution, would only render its provisions authorizing the collection of revenue inoperative. If the omission to assess an individual, or to assess property liable to assessment, would render the whole district school tax void, it would for the same reason, render the whole township, county, and State levies equally so, when made by the same officer assessing for each of them. These taxes are all levied on the assessment made by the township or county assessors. And if his omission to assess property, destroys the equality of the entire tax of the district, it has the same effect upon the State, county and township tax, as the omitted property is liable to be assessed for all of these purposes, and its omission increases the burthen of other tax payers, to the extent of the amount it would have yielded. The framers of the constitution could not have designed, that such an omission should avoid the tax levied upon the property, which is regularly assessed. They intended to require, and did require, that the law should provide for a uniform mode of assessment and collection, which would not sanction exemptions from the burthens of taxation,

and they imposed the duty upon the officers acting under the revenue laws, of executing them fairly and impartially, but it never could have been intended that their omissions, should render the whole tax void, and to suspend the collection of the revenue. If an officer willfully and corruptly, or from gross negligence, were to make such omissions, he would doubtless be liable to make compensation in damages, to those suffering injury.

It was also urged, that this tax was not levied and collected by the school district, as contemplated by this provision of the constitution, as the assessment was made by the township assessor, and collected by the township collector, but it could only be assessed and collected by officers of the district. The law authorizes the directors to adopt the general assessment for the purposes of taxation, and upon it, to make their levy, and when made it is collected for and paid over to them. The various officers, concerned in the collection of the district school tax, are for the purposes of that tax, under the law, as fully district officers as if they were elected for the purpose by the voters of the district. And the mode adopted for the assessment and collection of this tax, leaves it entirely under the control of the district, and when it is done, the assessment and collection of the tax, is virtually made by the district.

This court, in the case of *Munson* v. *Minor*, *post*, and in the case of *Chicago, Burlington and Quincy Railroad Company* v: *Frary, ante,* p. 34, held that equity will not restrain a tax levied by officers either *de jure* or *de facto*, where the power to levy a tax is an incident to their office, and that mere irregularities and informalities in its levy or collection will not be inquired into by a court of equity, but that the parties supposing themselves aggrieved will be left to seek their remedy at law. In this case we find these defendants acting as directors, and the law having conferred upon them the power to levy this tax, even if the objections had as a matter of fact, been well founded, we could not hold that a court of equity has the power to grant relief.

The decree of the Circuit Court must be affirmed.

*Decree affirmed.*