| 55 | 357 |
| 122 | 306 |
| 55 | 357 |
| 178 | 545 |
| 55 | 357 |
| 183 | 157 |

JOHN H. DUNHAM *et al.*

*v.*

THE CITY OF CHICAGO.

1. ASSIGNMENT OF ERROR—*order of court below prescribing conditions of appeal.* The decision of an inferior court prescribing, after judgment, the conditions on which an appeal will be allowed to this court, is not such a ruling as can, by itself, be reviewed upon error, because it is not such an order as is capable of either a reversal or affirmance.

2.  EVIDENCE—*production of public records.* Public records, in the custody of public officers acting under statutory duties, do not come within the principle of the rule in regard to the production of paper evidence in the possession or under the control of the opposite party.

3.  Though, the courts have the power to compel the custodian of records and public documents to produce them in court for inspection, and to be used as evidence when material and necessary. And whenever it is clearly made to appear, in a proper manner, that their production is necessary and material for the support of either a cause of action or defense, or the promotion of public justice, the power should be exercised.

4.  But where its exercise is not so shown to be necessary, for the reason that certified copies could be obtained and received in evidence, and answer as well as the originals, or when the proof upon which the application is based attempts to show that the originals have been tampered with and falsified, but fails to show how the rights of the moving party are affected by any such acts, and the court can not see from the facts stated that his rights were in any manner affected thereby, then, in either case, in the exercise of a legal discretion, the court may, from considerations of public convenience and safety, properly refuse to require their production.

5.  AMENDMENT *of certificate of publication of tax collector's notice.* Where the certificate of publication of the collector's notice of his intended application for judgment for taxes is deficient, the same may be amended by order of the court, upon notice being given to the opposite party, even after judgment, provided it is done at the same term at which the judgment was rendered.

6.  RECORD OF COURT BELOW—*of the convening order, as presented by an additional record.* Upon an appeal to this court, objection being made that the record contained no *placita,* or convening order of the court, an additional record, however, filed in the case having a *placitum,* although there was none to the record as originally filed, that attached to the additional record was regarded as belonging to the whole record, and cured the defect.

7.  TAXATION—*of the rule of uniformity—omission to assess all the property subject to assessment.* While a statute, which, in terms or by necessary implication, authorizes the omission from taxation for corporate purposes, of real or personal property within the limits of a municipal corporation, so as to destroy the uniformity in respect to persons and property within the jurisdiction thereof, required by the fifth section of the ninth article of the constitution of 1848, would be void, yet such omissions by ministerial officers, as where the assessor fails to list and assess all property subject to taxation, whether made wilfully or from carelessness, can not be taken advantage of to defeat a recovery for taxes against property which has been assessed. Such officers may make themselves amenable to the law for misconduct in office, but can not thus stop the wheels of government.

. WRIT OF ERROR to the Superior Court of Chicago ; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion sufficiently states the case.

Mr. EDWARD ROBY, for the plaintiffs in error.

Mr. M. F. TULEY, for the defendant in error.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This is a writ of error to the superior court of Chicago, to bring up the record in this case, which by the charter of said city is styled "a suit for taxes."

The first point urged, (although it is scarcely credible that it could have been seriously relied upon by the counsel for the plaintiffs in error) is, that after the judgment was rendered against the property of plaintiffs in error and others, the objectors prayed an appeal to this court, and proposed in such prayer to give a bond, with security to be approved by the court, in a penalty sufficient to cover all costs, interest and damages ; that the court decided that no appeal could be allowed, except upon giving bond in a penal sum equal to the amount of the judgment appealed from, and in a sum in addition thereto, sufficient to cover all costs, interest and damages.

The matter involved in this point arose after judgment. It is not such a ruling, as can, by itself, be reviewed upon error, because it is not such an order as is capable of either a reversal or affirmance. The parties made a proposition to the court, in reference to an appeal, which the court did not see fit to accept. And to say, that because the court, after judgment, prescribed conditions for an appeal, which might have been more onerous than the law really required, (but as to this we express no opinion,) the judgment itself should therefore be reversed, is a proposition that has not the semblance of even speciousness, for its support.

The second objection which we notice is, that the court below erred in refusing a rule upon appellee to produce the books and documents mentioned in an affidavit filed, and upon which the rule was asked.

These books and documents were public records, in the custody of public officers, acting under statutory duties, and therefore do not come within the principle of the rule in regard to the production of paper evidence in the possession or under the control of the opposite party.

The court undoubtedly has the power to compel the custodian of records and public documents to produce them in court for inspection, and to be used as evidence when material and necessary, and whenever it is made clearly to appear, in a proper manner, that their production is necessary and material for the support of either a cause of action or defense, or the promotion of public justice, the power should be exercised. But where its exercise is not so shown to be necessary, for the reason that certified copies could be obtained, and received in evidence, and answer as well as the originals, or when the proof upon which the application is based attempts to show that the originals have been tampered with and falsified, but fails to show how the rights of the moving party are affected by any such acts, and the court cannot see from the facts stated, that his rights were in any manner affected, then, in either case, in the exercise of a legal discretion, the court may, from considerations of public convenience and safety, properly refuse to require their production. The affidavit in question fails to show, either by direct statements, or facts and circumstances from which it can be inferred, that any acts of tampering with these documents in any manner affected the rights of plaintiffs in error in this case.

The third objection deemed worthy of notice, is, that one of the certificates of publication was improperly amended after the rendition of judgment, and the fourth, that the record contains no *placita*, or convening order of the court.

The additional record filed in this case has a *placitum.* Although there was none to the record as originally filed, that attached to the additional record will be deemed as belonging to the whole record, and cures the defect. It states the convening of the court on the seventh day of March, 1870, for the March term, and the presence of the judges and other officers of the court, and the additional record shows that on the second day of April, 1870, that being one of the days of the said March term, the amendment of the certificate was made by order of the court. Such amendment may, upon notice to the opposite party, be made after the rendition of the judgment, if done at the same term, as in this case. *Coughran* v. *Gutcheus,* 18 Ill. 390.

Again, it is urged that the whole tax is void, because the assessors failed to list and assess personal property subject to taxation, and that the court erred in excluding evidence offered and tending to sustain this position. That a statute, which, in terms or by necessary implication, authorized the omission of real or personal property in the city, so as to destroy the uniformity in respect to persons and property within the jurisdiction of the city, required by the fifth section of the ninth article of the constitution of 1848, would be void, there can be no doubt. But the position that it lies with ministerial officers to defeat the collection of taxes by such omissions, whether made wilfully or from carelessness, is not tenable. Such officers may make themselves amenable to the law, for misconduct in office, but can not thus stop the wheels of government. *Schofield* v. *Watkins,* 22 Ill. 66 ; *Merritt* v. *Farris,* ib. 303.

The position that there were no assessors in the city of Chicago, either *de jure* or *de facto,* in the year mentioned, is wholly without foundation, as are various others pressed upon our attention.

The judgment of the court below must be affirmed.

*Judgment affirmed.*