DANIEL W. VITTUM *et al.*

*v.*

THE PEOPLE *ex rel.* Townsend, County Collector.

*Opinion filed December 18, 1899.*

1. TAXES—*effect of county clerk's omission of property from school district.* The omission by the county clerk of property included in a school district, when computing the assessed valuation of property to ascertain the rate per cent for school taxes, does not vitiate the entire school tax levy, but only such portion thereof as is excessive.

2. SAME—*when tax-payers are not estopped to object to entry of judgment of sale.* That the tax-payers of a school district did not avail themselves of the statutory provisions for correcting errors in the assessment of property does not estop them from objecting to the entry of judgment of sale on the ground of an error by the county clerk in fixing too high a rate per cent to be levied for school purposes against property legally assessed.

APPEAL from the County Court of Fulton county; the Hon. MEREDITH WALKER, Judge, presiding.

Canton Union School District, in Fulton county, embraces ten full sections of land and two half sections, sections 30 and 31, township 7, north, range 4, being two of the full sections so included. All of the land in the district was properly assessed for taxation. In preparing the collector's books for the year 1898 the county clerk did not include the west half of said section 30 and the west half of said section 31 as comprising a part of the said school district, but computed the rate per cent necessary to be levied upon the taxable property of the said district for school purposes upon the assessed valuation of the property embraced within the district other than said omitted half sections, and so extended the levy upon the said collector's books. The appellants, who owned certain tracts of land in the school district against which such taxes for school purposes were so levied, declined to pay the school taxes so extended against their lands, and filed objections to the application of the collector for judgment for the school taxes, the grounds of objection being the omission by the clerk of the assessed valuation of said parts of said sections 30 and 31 from computation as taxable property of the district when computing the rate per cent of the levy upon the property of the district for tax for school purposes. The objections were overruled and judgments entered in favor of the collector against the property of the appellants, respectively, for the full amount of the school taxes so levied and extended against said property. This is an appeal by said objectors.

BERNARD H. TAYLOR, for appellants.

B. M. CHIPERFIELD, State's Attorney, and OSCAR J. BOYER, (C. E. CHIPERFIELD, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The county clerk should have ascertained the rate per cent of taxation to be levied and extended in said school district for school purposes by a computation based upon the total assessed value of all the property assessed for taxation in the district. (Rev. Stat. chap. 120, sec. 127, entitled "Revenue.") The omission of any such property from such computation would necessitate a greater rate per cent to be levied and extended against all other property in the district in order to produce the total amount to be paid in the district for school purposes. An increase in the rate per cent would impose upon such other property a greater burden of taxation for school purposes than it ought legally and justly to bear. The taxes so extended at such rate per cent against the property of the appellants were in part unjust, and the county court erred in awarding judgment in the full amount thereof as demanded by the collector in his application.

Though the manner of computing the rate per cent to be levied was such as that if enforced it would have operated to deprive the objectors of the protection of the provisions of section 10 of article 9 of the constitution of 1870, that all taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same, still, the entire levy cannot be regarded as void because the mode of computation of the rate per cent adopted was not in conformity with the statute and violative of the principles of the constitutional provision. The error was that of the county clerk, a ministerial officer, who failed to observe the directions of the statute in the discharge of merely clerical duties in connection with the preparation of the books which the statute required him to provide for the use of the collector of taxes. We have frequently ruled that such errors, failures or omissions of ministerial officers do not

have the effect to render the entire levy invalid. (*Dunham* v. *City of Chicago*, 55 Ill. 357, and cases there cited.) It is expressly provided in section 191 of chapter 120 of the Revised Statutes, entitled "Revenue," that "no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself," shall defeat the tax, and that "any omission or defective act of any officer or officers connected with the assessment or levying of such taxes, may be, in the discretion of the court, corrected, supplied and made to conform to law by the court, or by the person (in the presence of the court) from whose neglect or default the same was occasioned." The application in the county court of these statutory provisions to the case at bar would have resulted in the correction of the error made in the extension of the taxes against the appellants' lands, and in such amendments to the application of the collector as would have removed the grounds of objection and justified the rendition of just and proper judgments against the property of the appellants, respectively. The error was the failure to correctly ascertain and extend the rate per cent to be levied on property which had been legally assessed for taxation in the district, and not that property legally liable to assessment had been omitted from the assessment roll or had been assessed too low; hence the contention that the objectors should have availed themselves of the statutory provisions enacted for the purpose of securing the assessment of all property liable to taxation and for the correction of all errors in the assessment of property, and having failed to do so should be deemed to be estopped or concluded from preferring the objections, is not tenable.

The judgments are each reversed, and the cause is remanded to the county court for further proceedings in conformity with what is here said.

*Reversed and remanded.*