(No. 14261.—Judgment affirmed.)

THE PEOPLE *ex rel.* E. W. Loehr, County Collector, Appellee, *vs.* THE MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

*Opinion filed February 22, 1922.*

1. TAXES—*when failure to extend tax in portion of school district does not vitiate entire tax.* Where a community high school district lying in two counties has properly levied a tax in both counties, the failure of the county clerk of one county to extend the tax against the property in that portion of the district in his county will not vitiate the tax in the entire district, and under section 277 of the Revenue act the tax which should have been extended against the omitted property may be added to the tax on such property in a subsequent year. (*Vittum* v. *People,* 183 Ill. 154, and *People* v. *Noyes,* 295 id. 355, distinguished.)

2. SAME—*extension of tax by county clerk is merely a formal step to collect the tax.* It is the levy which creates the tax, and the extension by the county clerk is merely a formal step necessary to enable the authorities to collect the tax.

APPEAL from the County Court of Monroe county; the Hon. HENRY SCHNEIDER, Judge, presiding.

JOSIAH WHITNEL, and J. W. RICKERT, (EDWARD J. WHITE, and L. O. WHITNEL, of counsel,) for appellant.

ROY E. GAUEN, State's Attorney, and A. C. BOLLINGER, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Community High School District No. 58 of Monroe county was organized in April, 1920, and embraced, with other territory, sections 31 and 32, township 1, north, range 10, west, which lay partly in Monroe county and partly in St. Clair county, and sections 33, 34, 35 and 36 of the same township and range, which lay entirely in St. Clair county. The county superintendent of schools of

Monroe county immediately caused a certificate to be filed with the county clerks of the counties of St. Clair and Monroe describing the territory included in district No. 58. In July, 1920, Community High School District No. 195 of St. Clair county was organized, and there were included within its boundaries all of sections 33, 34, 35 and 36 and that part of sections 31 and 32 which lay in St. Clair county. In August, 1920, the county superintendents of schools of the counties of Monroe and St. Clair entered into an agreement by which they undertook to change the boundaries of these districts by taking from district No. 58 and adding to district No. 195 that part of the six sections which lies in St. Clair county, and a copy of such agreement was filed with the county clerk of St. Clair county. There was absolutely no authority in law for such an agreement, and both parties agree that the attempted change in boundaries was illegal and void. The board of education of Community High School District No. 58 duly ascertained the amount of money required for the purposes of the district for the school year 1920-21 and caused to be filed proper certificates of tax levy with the township treasurer, who in turn returned the certificates within the time required by law, to the county clerks of the counties of Monroe and St. Clair. Because of the agreement of the county superintendents of schools on file in his office, the county clerk of St. Clair county did not extend the tax of Community High School District No. 58 against that part of the six sections which lay in St. Clair county. The assessed value of property in that part of district No. 58 which lies in St. Clair county was $208,345, and the assessed value of all property in said district was $1,876,689. As a result of the failure of the county clerk of St. Clair county to extend the tax against the lands in St. Clair county, the owners of property in that part of district No. 58 paid no tax for the benefit of the district for the year 1920, and it is contended that the rate of taxation of appellant's property and of all other

property in the district was higher than it would have been if the tax had been extended against the omitted sections, and that appellant was called upon to pay more taxes in said school district than it otherwise would have been required to pay. The total taxes levied against appellant's property located in the school district in Monroe county is $1190.54, which it is agreed is $30.14 in excess of what it would have been had the tax been extended against the omitted lands. On the application of the county collector in the county court of Monroe county judgment was rendered against the property of appellant for the amount of tax extended, less the excess, or $1160.40, together with interest, penalties and costs, and it has appealed.

Both parties agree that the sole question in this case is whether the failure of the county clerk of St. Clair county to extend the tax against that part of the six sections located in St. Clair county invalidates the entire tax or the excess, only. Appellant contends that the entire tax is void for the reason that it is denied the protection guaranteed to it by the provisions of sections 9 and 10 of article 9 of the constitution, which require that all taxes levied by municipal corporations shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same. Appellee contends that the county court properly reduced the taxes against appellant's property to the amount that appellant ought legally to pay, and that the school district cannot be legally denied judgment for such amount because of the failure of the county clerk of St. Clair county to extend the tax against the lands in St. Clair county and that no constitutional rights of appellant have been violated.

It is necessary to the maintenance of established government that the power and authority to levy and collect taxes be safeguarded, and it is right and just to the tax-payer that all persons and property should bear the burden of taxation equally. Absolute uniformity is, of course, im-

possible. The administration of tax laws is necessarily entrusted to men, and men are not infallible. They are liable to frequent mistakes of fact and errors of judgment. Experience teaches us that it is impossible to have the tax laws executed so as to prevent any inequality and injustice, and where these results have been produced by favoritism or fraud or intentional misconduct the courts have always granted relief. On the other hand, if accidental, unintentional or erroneous omissions from taxation of persons or property that should be taxed, occurring through the negligence or default or mistaken judgment of officials to whom the execution of the taxing laws is entrusted, should be held to vitiate the whole tax, then the power to tax is, in effect, destroyed. Though the burden of those paying taxes may sometimes be temporarily increased by such omission, it is absolutely essential to the continuation of government that the rule be established that this omission will not make void the entire tax.

The provisions of the constitution of 1848 with respect to uniformity of taxation were substantially the same as those of the present constitution. In a long line of decisions, beginning in 1859, this court has held that mere omission to tax certain items or pieces of property within a taxing district will not vitiate the whole tax. In *Merritt* v. *Farriss,* 22 Ill. 303, it was contended that a school tax was void for the reason that some of the persons in the district liable to taxation, as well as a portion of the taxable property situated in the district, were not assessed, and that the tax was therefore not uniform. In passing on that contention this court said: "It is first urged that this levy is not warranted by the constitution because it is not uniform as to persons and property within the jurisdiction of the corporate body imposing the tax. The constitution, in its application to the various departments of the government and to individual rights, must receive such a construction as to give it a practical operation. It must be so ap-

plied as to promote and effect the objects of its adoption and not to defeat the end for which it was established. Equality is provided for, both as to persons and property, in the levy and collection of all taxes by the constitution, whether for State or other purposes, and to hold that the omission to assess an individual or to assess property liable to taxation under the revenue laws will render the whole tax levied under that assessment, to the extent of the revenue of which it forms a part, to be void, instead of accomplishing the object of the constitution would only render its provisions authorizing the collection of revenue inoperative. If the omission to assess an individual or to assess property liable to assessment would render the whole district school tax void, it would for the same reason render the whole township, county and State levies equally so when made by the same officer assessing for each of them. These taxes are all levied on the assessment made by the township or county assessor, and if his omission to assess property destroys the equality of the entire tax of the district it has the same effect upon the State, county and township tax, as the omitted property is liable to be assessed for all of these purposes, and its omission increases the burthen of other tax-payers to the extent of the amount it would have yielded. The framers of the constitution could not have designed that such an omission should avoid the tax levied upon the property which is regularly assessed. They intended to require, and did require, that the law should provide for a uniform mode of assessment and collection, which would not sanction exemptions from the burthens of taxation, and they imposed the duty upon the officers acting under the revenue laws of executing them fairly and impartially, but it never could have been intended that their omissions should render the whole tax void and to suspend the collection of the revenue. If an officer willfully and corruptly or from gross negligence were to make such omissions he would doubtless be liable to make compensation in

301—35

damages to those suffering injury." To the same effect is *Schofield* v. *Watkins,* 22 Ill. 66, decided at the same term.

Discussing a similar question in *Dunham* v. *City of Chicago,* 55 Ill. 357, it is said: "That a statute which in terms or by necessary implication authorized the omission of real or personal property in the city so as to destroy the uniformity in respect to persons and property within the jurisdiction of the city required by the fifth section of the ninth article of the constitution of 1848 would be void there can be no doubt, but the position that it lies with ministerial officers to defeat the collection of taxes by such omissions, whether made willfully or from carelessness, is not tenable. Such officers may make themselves amenable to the law for misconduct in office but cannot thus stop the wheels of government." This case is cited with approval in *First Nat. Bank* v. *Smith,* 65 Ill. 44, decided after the adoption of the constitution of 1870.

In *People* v. *Lots in Ashley,* 122 Ill. 297, this court said: "The omission to assess others liable to taxation or to assess portions of their property, or the assessment of the property of others at less than its fair cash value, while it may cause the tax-payer whose property is assessed at its fair cash value to bear an undue portion of the public burden will not affect the validity of the tax." To the same effect is *Spencer & Gardner* v. *People,* 68 Ill. 510. The Supreme Courts of other States with statutory and constitutional limitations similar to ours have adopted the same rule. *Auditor General* v. *Sage Land and Improvement Co.* 129 Mich. 182, 88 N. W. 468; *Chicago and Northwestern Railway Co.* v. *State,* 128 Wis. 553, 108 N. W. 557; *Doty Lumber and Shingle Co.* v. *Lewis County,* 60 Wash. 428, 111 Pac. 562.

In the case at bar the tax levy was made by the action of the board of education and the certificate of tax levy was properly filed with the county clerks of the two counties in which the district lay. After the tax levy is made by the

proper taxing authorities it is an asset of the municipality levying the tax, and the tax may be anticipated to the extent of seventy-five per cent of the total amount of the tax levy and may be spent before the tax is actually extended or collected. It is the levy which creates the tax, and the extension by the county clerk is merely a formal step necessary to enable the authorities to collect the tax. The legislature recognized that a situation like the one before us might arise, and so it provided by section 277 of the Revenue act that if a tax on property liable to taxation is prevented from being collected for any year or years by reason of any erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year. While the tax-payers of the district who paid their tax levied in 1920 may have been compelled to pay more tax than they would have been required to pay had all the property in the district borne its proper share of the burden, the burden of these tax-payers will be lessened in some subsequent year if the taxing authorities collect the tax due from the omitted property, and the burden of taxation will be thereby equalized among the persons and the property of the district.

We have received no aid from the brief of counsel for appellee. What argument they have made is based on *Vittum* v. *People*, 183 Ill. 154, which is not in point. As we understand the opinion in that case, all the property of the school district was assessed and a levy was made against all the property and the tax extended against all the property. The error in that case was the failure to correctly ascertain the rate per cent to be extended against the property which had been legally assessed for taxation in the district, and not that property legally liable to pay taxes had been omitted by the county clerk in extending the tax.

Appellant relies on our decision in *People* v. *Noyes*, 295 Ill. 355. The decision in that case was based on the hold-

ing that the taxing officials had not levied a tax on a large part of the property in the district. That case is distinguished from the case at bar for the reason that the omission in the instant case was to extend the tax, it being admitted by both parties that the tax was properly levied.

Appellee does not question, by cross-error or otherwise, the action of the county court in reducing the tax levied against appellant's property from $1190.54 to $1160.40, and its action in that regard is not before us for review.

The judgment of the county court is affirmed.

*Judgment affirmed.*