(No. 14202.—Judgment affirmed.)

THE PEOPLE *ex rel.* John S. Rigg, County Collector, Appellee, *vs.* H. R. LOVELLETTE *et al.* Appellants.

*Opinion filed February 22, 1922.*

1. SCHOOLS—*section 90 of the School law is invalid.* Section 90 of the School law, empowering the Superintendent of Public Instruction to order a change of boundaries of an abnormal high school district to make the district compact, is unconstitutional as a delegation of legislative power. (*Jackson* v. *Blair,* 298 Ill. 605, followed.)

2. TAXES—*high school tax is not void in entirety though some territory was omitted.* Where the tax in a community high school district is properly levied by the board of education on all the lands in the district but is not extended against lands in a portion of the district, which was erroneously supposed to be detached by an unauthorized order of the Superintendent of Public Instruction, the tax is void only as to the excess rate caused by excluding the assessed valuation of the excluded territory in determining the rate, and the county court, on application for judgment, may reduce the amount of the tax by deducting the excess. (*People* v. *Missouri Pacific Railroad Co.* 301 Ill. 541, followed.)

APPEAL from the County Court of Wabash county; the Hon. W. S. WILHITE, Judge, presiding.

E. B. GREEN, and THEODORE G. RISLEY, for appellants.

BEN TOWNSEND, State's Attorney, and GEE & GEE, (GEORGE S. NEGLEY, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Wabash county overruling, in part, objections of appellants to a tax levied by Community High School District No. 206. That district was organized under the provisions of section 89*a* of the act of 1919, in February, 1920. It embraced territory in three counties,—White, Edwards and Wabash.. In July, 1920, the board of education, pursuant to the provisions of sections 190 and 191 of the School law,

prepared and filed for each of the three counties a certificate of a tax levy on the property of the district for $16,000, and the certificates were duly filed with the county clerk of each of said counties. Afterwards, and before the tax rate was determined and the tax extended, certain owners' of land in that part of the district lying in Wabash county presented a petition asking to have certain territory detached from district 206 and added to Crossville Community High School District No. 120. The petition was denied by the boards of education of White and Edwards counties, and petitioners appealed to the Superintendent of Public Instruction. That official reversed the decision of the boards of education and ordered the territory detached, for the reason that high school district 206 "is an abnormal district within the meaning of the statute" and includes more territory than is necessary to erect a suitable high school building and maintain a well equipped community high school; that the detached territory is tributary to the community center of district 120, and it was annexed to that district. The county superintendent of schools of White county was ordered to make and file with each of the three county clerks a map of the district in accordance with the decision. That order was made September 3, 1920, was filed with the county superintendent of schools of White county, and he prepared and filed a map as directed. Thereafter the tax rate was determined and fixed at one dollar on the $100, and the tax was extended on the remaining property of the district after the territory was detached.

Appellants contend section 90 of the School law, conferring power on the Superintendent of Public Instruction, on appeal, "to order a change in boundaries of all abnormal high school districts with a view of making each high school district consist of compact and contiguous territory comparatively easy of access to all the pupils of the district, and to the end that justice shall be done," is a delegation of legislative power, in violation of article 3 of the

constitution. If that is true, it is contended the order of the State superintendent was void, the district remains as it was organized by vote of the people, and the assessed valuation of the territory attempted to be detached was required to be considered in determining the rate at which the tax was to be extended. The assessed valuation of the supposed detached territory was approximately $200,000, but that was not considered in determining the rate and extending the levy. We are of opinion, under the decision in *Jackson* v. *Blair,* 298 Ill. 605, it must be held the provisions of section 90 referred to are unconstitutional, and that the act of the Superintendent of Public Instruction was void. The county court so held, and reduced the amount of the tax against appellants' lands fifteen per cent and rendered judgment for the balance, which the court found and held was the amount the taxes against appellants' lands would have been had the tax levy been extended against all the lands in the district. The tax was properly levied by the board of education against all the lands in the district, and certificates of the levy upon which to extend the tax were filed in accordance with the requirements of the statute in all three of the counties. By reason of a misunderstanding of the effect of the action of the State Superintendent of Public Instruction no tax was extended against some of the lands of the district, and such lands escaped the tax legally levied by the proper authorities. No complaint is made by appellee of the action of the court in reducing the tax against appellants' lands.

This case is identical in principle with *People* v. *Missouri Pacific Railroad Co.* 301 Ill. 541, and that decision must control here.

The judgment of the county court is affirmed.

*Judgment affirmed.*