(No. 22128.—

THE PEOPLE *ex rel.* Joseph B. McDonough, County Collector, Appellee, *vs.* L. B. SCHMUHL, Appellant.

*Opinion filed February 15, 1935.*

ORR, J., dissenting.

BUTZ, HUTCHINSON, NUTT, LANE & MURPHY, and ARTHUR W. MAIN, (RALPH O. BUTZ, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, ROBERT S. CUSHMAN, JACOB SHAMBERG, and WILLIAM P. KEARNEY, of counsel,) for appellee.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

The county court of Cook county entered a judgment and order of sale against the real estate of L. B. Schmuhl, appellant, on account of alleged delinquent general taxes for the year 1928. Of the amount assessed appellant paid $133 and objected to the balance of $200.11.

Appellant's objections stated, among other things, that after complaint filed before the board of review the board illegally and unjustly valued the premises in excess of two-and-one-half times the fair cash value; that by fraud, accident or mistake the property was assessed for improvements thereon, when, in fact, no improvements had been made thereon for many years; that the board, without cause, arbitrarily and fraudulently refused to hear evidence concerning the fair cash value of either the land or improvements and confirmed all valuations thereon as a matter of form, without exercising its honest judgment to arrive at the fair cash value.

The county court on February 18, 1933, overruled all objections on file without giving any notice to appellant,

and announced that any objector claiming a right to trial on grounds not already adjudicated, for instance as to an exempt or incomplete building or fraud in the assessment, might more specifically set out his objections and file a specific statement of facts proposed to be proved in support thereof. On March 8, 1933, appellant filed a motion to vacate the general overruling order of February 18. Specific objections and an offer of proof filed with the motion set out as the grounds of fraud claimed, that in making assessments the board of assessors and the board of review fraudulently intended to, and did, apply two levels of uniformity—thirty-seven per cent in the county at large and twenty per cent in the "loop" district—and further discriminated by assessing appellant's property in excess of two-and-one-half times its fair cash market value; that the assessment was so excessive as to amount to constructive fraud; that in reviewing the assessments the board of review called for the records and property cards of the board of assessors and the written complaints of the objectors; that it considered the cards and complaints; that a hearing was thus granted the objectors, and that it was not necessary to hear evidence which the objectors offered to produce.

Appellee's contention that no objections were filed on March 8 is without merit. He moved to strike the specific objections. The fact that they were sworn to did not make them a mere offer of proof. That offer was by a separate document.

Upon the hearing appellee admitted every evidentiary fact alleged by appellant. The court overruled appellant's motion to vacate the general order of February 18, sustained appellee's motion to strike the specific objections, and entered the judgment and order of sale from which this appeal is prosecuted. Appellant contends that the proceedings violate the uniformity provisions of section 1 of article 9 of the constitution of this State.

No tax-payer can be required to pay a greater proportion of the taxes, according to the value of his property, than any other tax-payer. Taxing authorities are not justified in withdrawing any property from the protection of the uniformity provision of the constitution. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 300 Ill. 399; *Board of Supervisors* v. *Chicago, Burlington and Quincy Railroad Co.* 44 id. 229.) It is their duty to observe and comply with that provision of the constitution, and their assessment of all property must be at the same proportionate value. (*People's Gas Light and Coke Co.* v. *Stuckart,* 286 Ill. 164; *People* v. *Illinois Central Railroad Co.* 355 id. 605.) Valuation of property for taxing purposes must result from the exercise of honest judgment—not mere will or caprice. (*Chicago, Burlington and Quincy Railroad Co.* v. *Cole,* 75 Ill. 591; *People* v. *Stewart,* 315 id. 25.) A tax will not be invalidated because of an error in the exercise of honest judgment by the assessing bodies, but if the tax is the result of an arbitrary, intentional violation of the rule of uniformity the action of the taxing body constitutes an invasion of constitutional rights and the tax cannot be upheld. Where a very great disparity and discrimination are shown, which could not reasonably have arisen from a mere error of judgment, the courts will afford relief. *Raymond* v. *C. U. T. Co.* 207 U. S. 20; *Pacific Hotel Co.* v. *Lieb,* 83 Ill. 602; *People* v. *St. Louis Bridge Co.* 290 id. 307; *People's Gas Light and Coke Co.* v. *Stuckart, supra; Chicago, Burlington and Quincy Railroad Co.* v. *Cole, supra.*

In *People* v. *Keokuk and Hamilton Bridge Co.* 287 Ill. 246, an objector alleged that his property was arbitrarily, knowingly and fraudulently assessed at its full value while all other property was assessed at forty per cent of its value. The assessment was approved by the board of review. The tax-payer's objection was stricken from the files

and it was refused a hearing and an opportunity to prove the facts it alleged. In the case at bar the admitted allegations in the specific objections and offer of proof showed such a disparity and discrimination between the fair cash value of appellant's property and the valuation for taxation placed on other property of the same class as to entitle him to relief. Proof was not necessary because of the direct admissions of appellee and those implied in the motion to strike, which amounted to a demurrer. *People v. Keokuk and Hamilton Bridge Co. supra.*

It is urged that appellant was not entitled to a hearing on his objections in the county court because he had not exhausted his legal remedies. Upon the neglect or refusal of a board of review to act upon a complaint of a fraudulent assessment the property owner's remedy is by *mandamus,* and he must exhaust that remedy before he can defend against his taxes in court. (*People v. Beemsterboer,* 356 Ill. 432; *People v. Cesar,* 349 id. 372; *Bistor v. McDonough,* 348 id. 624; *Sanitary District v. Young,* 285 id. 351; *New Haven Clock Co. v. Kochersperger,* 175 id. 383.) An allegation that the board of review acted in a summary manner by refusing to hear evidence does not, alone, constitute a charge of fraud. (*People v. Goldberg,* 354 Ill. 423.) In the case at bar the relief is not sought on the ground that the board of review refused appellant a hearing upon his objections. On the contrary, the facts alleged and admitted show that there was a hearing. (*People v. Stewart,* 315 Ill. 25.) Moreover, appellee in his brief concedes that fact. There was no occasion for employing the writ of *mandamus* to compel the board to do something it had already done.

Appellant was entitled to have his property assessed upon the same basis of valuation as other property. It is admitted that other property was assessed at thirty-seven per cent of its actual value. Appellant's property should have been assessed on that basis.

The judgment is reversed and the cause is remanded, with directions to enter a judgment for such an amount as will result from the application of a thirty-seven per cent factor upon the valuation placed upon appellant's real estate for the year 1928.

*Reversed and remanded, with directions.*

Mr. JUSTICE ORR, dissenting.